# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 23, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DORIS DIPONZIANO, | * | |
| | * | |
| Petitioner, | * | No. 17-1130V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Irene McLafferty,* Mess and Associates, P.C., Philadelphia, PA, for petitioner.
*Lynn Christina Schlie*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On August 22, 2017, Doris Diponziano ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the Prevnar-13 vaccine she received on July 11, 2016, was the cause-in-fact of her developing Guillain-Barré Syndrome ("GBS"). Amended Petition (ECF No. 9). On February 11, 2025, I issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. Ruling on Entitlement (ECF No. 111).

On September 22, 2025, respondent filed a Proffer on Award of Compensation, attached hereto as Appendix A. Proofer (ECF No. 125). Based on the record as a whole, I find the proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

<mark>...</mark>

**Pursuant to the terms stated in the Proffer, I awarded the petitioner:**

(1) A lump sum payment of $250,000.00 for pain and suffering, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

I approve the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DORIS DIPONZIANO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-1130V<br>Special Master Gowen<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On August 22, 2017, Doris DiPonziano ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq., alleging that pneumococcal conjugate vaccine administered to her on July 11, 2016, caused her to develop a Guillain-Barre Syndrome. Petition at 1; ECF No. 1. On February 11, 2025, Special Master Gowen issued a Ruling on Entitlement finding that petitioner is entitled to compensation. ECF No. 111. Respondent now proffers the following regarding the amount of compensation to be awarded.

**I.    Items of Compensation**

Respondent proffers that petitioner should be awarded $250,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $250,000.00, to be paid through an ACH deposit to petitioner's counsel's

IOLTA account for prompt disbursement to petitioner.  Petitioner agrees.

                Respectfully submitted,

                BRETT A. SHUMATE
                Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                VORIS E. JOHNSON
                Assistant Director
                Torts Branch, Civil Division

                */s/ Lynn C. Schlie*
                LYNN C. SCHLIE
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 616-3667
                Email: lynn.schlie@usdoj.gov

DATED:  September 22, 2025